IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT 2 3 2020
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | | |
|---|---|---|
| PAUL EDWARD NEAL, <br> TDCJ-CID No. 0489626, <br><br> Plaintiff, <br><br> v. <br><br> DALE WAINWRIGHT, *et al.*, <br><br> Defendants. | § § § § § § § § § § § | 2:17-CV-207-Z-BR |

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS COMPLAINT

Plaintiff Paul Edward Neal, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division, has filed suit pursuant to 42 U.S.C. § 1983 complaining against the above-referenced Defendants and has been granted permission to proceed *in forma pauperis*. For the following reasons, Plaintiff's civil rights Complaint is DISMISSED with prejudice.

**FACTUAL BACKGROUND**

Plaintiff weaves a tale of emotional suffering and future harm based on the years of manufactured identity forced upon him by Defendants, claiming the name "Paul Edward Neal" and the social security number associated with that name were used, assigned or otherwise wrongfully forced upon him by the Defendants and other government individuals. *See* ECF No. 18, at 5. Typically referred to as a "sovereign citizen" claim, Plaintiff's claims are for monetary damages for his wrongful incarceration under the name and for "identity theft." *See id.* at 5, 8–9. In fact, Plaintiff requests:

(1) Free medical care for life;

(2) $2,500,000 *per day, from each Defendant*, in compensatory damages for his thirty-two years of incarceration;

(3) $5,000,000 in punitive damages from *each Defendant*;

(4) Declaratory relief; and

(5) Costs of litigation.

*See id.* at 8–9.

Plaintiff begins his story by alleging he received two IRS letters, in 2009 and 2012, respectively, under the name "Paul Edward Neal" that both contained a social security number associated with the name. *See id.* at 4. He informed the Defendants to this suit by "Special Visitation Notice" in 2013 and 2017 that Defendants had "assumed his name and social security number for personal profit." *See id.* at 6. Plaintiff goes on to allege the failure of Defendants to "serve him with commercial paper" and that Defendants "all agree" that the name "Paul Edward Neal" is a "Commercial Transmitting Utility Trust." As such, Plaintiff asserts that Defendants had a "duty to disclose" relevant facts about the creation of this identity to the Plaintiff and failed to do so. *See id.* at 6–7.

Plaintiff alleges an additional violation in the nature of the $100 copay charges to his Inmate Trust Account for medical visits, and asserts all medical care should be free while he is incarcerated. *See id.* at 7, "Exhibit C" at 21 (showing Plaintiff owes $117.74 for medical care).

Plaintiff asserts he is injured by these above violations by the "mental sensation of pain resulting from severe disappointment, grief, wounded pride, shame, and/or defamation of his character." *See id.* at 6.

LEGAL STANDARD

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

ANALYSIS

Plaintiff's pleadings are particularly problematic. Not only are his filings saturated with meaningless legal terms, it is clear Plaintiff has failed to plead anything close to approaching an actionable claim based on the allegations in his Amended Complaint. Both the terms used, and the documents previously referenced above, are nonsensical and do not describe any sort of viable cause of action. In fact, the documents filed by Plaintiff may be associated with what is known as the "sovereign citizen movement." *See Gravatt v. United States*, 100 Fed. Cl. 279, 282 (Fed. Cl. 2011) (describing some beliefs of the movement and noting "[s]o-called sovereign citizens believe that they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings.").

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993)
[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

Civil actions similar to Plaintiff's claims have been dismissed as without merit and legally frivolous. *See e.g., Paul v. New York*, No. 13-CV-5047(SJF)(AKT), 2013 WL 5973138 (E.D. N.Y. Nov. 5, 2013) (dismissing complaint as frivolous); *Santiago v. Century 21/PHH Mortgage*, No. 1:12-CV-02792-KOB, 2013 WL 1281776, at *1 n.3 (N.D. Ala. March 27, 2013) ("The court recognizes the use of 'affidavits' and other pseudo-legal documents that purport to require responses within a specified time or face 'legal consequences' of the author's own making. Such tactics do not create valid legal documents."); *Bryant v. Washington Mutual Bank*, 524 F. Supp. 2d 753, 759 (W.D. Va. Dec. 19, 2007) (noting sovereign citizens' belief that the government holds money "in secret, individual trust accounts, one for each citizen").

The Northern District of Texas has followed the practice of dismissing these frivolous claims without service of process. *See Westfall v. Davis*, No. 7:18-CV-00023-O-BP, 2018 WL 2422058, at *2 (N.D. Tex. May 4, 2018), *adopted by* 2018 WL 2414794 (N.D. Tex. May 29, 2018) (O'Connor, J.). The *Westfall* opinion succinctly held:

> Sovereign-citizen legal arguments like those found in Westfall's petition are indisputably meritless. So-called sovereign citizens argue that, though they are born and reside in the United States, they are their own sovereigns and are not United States citizens. *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011). They claim as grounds for this belief the Uniform Commercial Code, maritime and admiralty law, the idea of strawman trusts, and Bible verses. *E.g., Mason v. Anderson*, No. CV H-15-2952, 2016 WL 4398680, at *2 (S.D. Tex. Aug. 18, 2016). Sovereign citizens often attempt to use these beliefs to "avoid paying taxes, extinguish debts, and derail criminal proceedings." *Gravatt*, 100 Fed. Cl. at 282. However, these citizens cannot claim to be sovereigns independent of governmental authority while they simultaneously ask the judicial system to grant them recourse. *Mason*, No. CV H-15-2952, 2016 WL 4398680, at *2. Courts routinely dismiss sovereign citizen claims. *Id.*; *see also, e.g., Berman v. Stephens*, No. 4:14-CV-860-A, 2015 WL 3622694, at *2 (N.D. Tex. June 10, 2015) (collecting cases) ("His reliance on the UCC or a so-called 'sovereign citizen' theory that he is exempt from prosecution and beyond the jurisdiction of the state or federal courts is frivolous. The same or similar arguments have been repeatedly rejected by other courts and are rejected by this Court.").

*Id.* at *2.

Plaintiff also asserts the illegality of assessing a $100 medical copay to medical visits that occur while incarceration. Such claim is frivolous as well. The Court of Appeals for the Fifth Circuit recently found that Texas affords inmates adequate postdeprivation remedies for the confiscation of the $100 in copays for medical expenses and that a claim for deprivation of such funds "lacks an arguable basis either in law or in fact." *See Hawes v. Stephens*, 964 F.3d 412, 418 (5th Cir. 2020). The Fourteenth Amendment protects inmates from deprivation of their property without due process of law. *Id.* at 418 (citing *Parratt v. Taylor*, 451 U.S. 527, 536–37 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986)). "[I]nmates have a protected property interest in the funds in their prison trust fund accounts, entitling them to due process with respect to any deprivation of these funds." *Id.* (quoting *Morris v. Livingston*, 739 F.3d 740, 750 (5th Cir. 2014)). However, "a state actor's unauthorized deprivation of an inmate's prison account funds 'does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.'" *Id.* (quoting *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)). Texas has such a remedy. *Id.* Accordingly, Plaintiff's claim is frivolous.

CONCLUSION

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) and 42 U.S.C. § 1997e(a), it is ORDERED that the Civil Rights Complaint by Plaintiff filed pursuant to 42 U.S.C. § 1983 be DISMISSED with prejudice as frivolous.

**SO ORDERED.**

October 23, 2020.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE